# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

NANCY A WILSON,

    Plaintiff,

v.                                                CASE NO. 1:14-cv-00066-MP-GRJ

CAROLYN W COLVIN,

    Defendant.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated June 15, 2015. (Doc. 14).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Petitioner has filed objections at Doc. 15.  I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.  Plaintiff argues that the ALJ erred at step three of the sequential evaluation by not finding that she met the requirements of Listing 12.05B for mental retardation.  That Listing requires both "significantly subaverage general intellectual functioning" and "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."  With regard to her intellectual functioning, plaintiff relies upon an IQ score of 53 on a test taken when she was twelve, thirty years earlier.  The regulations provide that IQ test results are not stable before age 16 and, for a 7-16 year old, should only be

considered current for 2 years when the score is 40 or above.

Moreover, the evidence does not show the required deficits in adaptive functioning. "Adaptive functioning" refers to an individual's progress in acquiring mental, academic, social and personal skills as compared with other unimpaired individuals of the same age. Plaintiff worked at semi-skilled jobs for a number of years, and many of Plaintiff's activities of daily living are inconsistent with an individual who has deficits in adaptive functioning. For example, Plaintiff testified that she could take care of her personal needs, wash dishes, clean, prepare light meals and could do laundry.

Plaintiff had a driver's license and testified that she could drive short distances, an activity inconsistent with an individual who has deficits in adaptive functioning. And lastly, the medical evidence of record evidences normal findings concerning Plaintiff's mental and intellectual ability. For example, Plaintiff's treating sources noted that Plaintiff did not have any abnormalities with communication, and that Plaintiff had no memory limitations.  Notably, Plaintiff's medical records do not reflect that she was listed as "borderline intellectual ability" but rather only as below average,  which is inconsistent with an individual who has deficits in adaptive functioning.

In her objections, Plaintiff argues that Hodges v. Barnhart, 276 F.3d 1265 (11th Cir. 2001) requires reliance on an IQ test taken at age 12.  The Court in that case agreed with Hodges' argument that "absent evidence of sudden trauma that can cause retardation, the IQ tests create a rebuttable presumption of a fairly constant IQ throughout her life." Id. at 1268.  However, Hodges dealt with a very different situation than the instant case.  The plaintiff had taken an IQ test recently, in her late 40s, and wanted to use that test to show what her IQ was during the developmental period, i.e. before age 22.  The Court held, "there is a presumption that mental

retardation is a condition that remains constant throughout life. Therefore, we find that a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." Id. at 1266.  Thus, the Hodges Court was not considering the stability or usability of an IQ test taken before age 16.

Also, plaintiff argues that the ALJ should not determine adaptive functioning simply by looking at daily activities.  Instead, she argues that standardized tests of adaptive functioning must be used.  Nothing in the cases or regulations requires standardized tests of adaptive functioning, but many Eleventh Circuit cases support the use of daily activities to determine adaptive functioning.  Thererfore, this argument of plaintiff is rejected.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner, denying benefits, is affirmed.

**DONE AND ORDERED** this   27th  day of August, 2015

                                *s/Maurice M. Paul*
                             Maurice M. Paul, Senior District Judge